E-Filed

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7940-GHK (AJWx) | Date | October 11, 2011 |
|---|---|---|---|
| Title | *Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust v. Ali Reza Amirjalaly* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order to Show Cause**

On September 26, 2011, Defendant Ali Reza Amirjalaly ("Defendant") removed the above-titled unlawful detainer action to this Court. The Notice of Removal seems to assert that we have federal question jurisdiction because Plaintiff Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust's ("Plaintiff") Complaint necessarily confronts federal claims raised in Defendant's affirmative defenses to the Complaint. The Notice of Removal also seems to assert that we have diversity jurisdiction under 28 U.S.C. § 1332(a).

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Finley v. United States*, 490 U.S. 545, 547-48 (1989), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). We have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "In determining the presence or absence of federal jurisdiction, we apply the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (internal quotation marks omitted). Under the "well-pleaded complaint" rule, a plaintiff is considered the master of his complaint and may ignore a federal claim and assert only a state claim in order to defeat removal. *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1372 (9th Cir. 1987). Therefore, "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim," and "[t]he federal issue must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Dynegy*, 375 F.3d at 838 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (internal quotation marks omitted). "Nor can federal jurisdiction rest upon an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1266 (2009).

Along with the Notice of Removal, Defendants attached the state court Complaint. On its face, the Complaint only alleges a claim for unlawful detainer. As discussed above, the federal claims mentioned in the Notice of Removal do not provide this Court with jurisdiction.

E-Filed

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-7940-GHK (AJWx) | | Date | October 11, 2011 |
|---|---|---|---|---|
| Title | *Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust v. Ali Reza Amirjalaly* | | | |

We also find no basis for this Court to exercise diversity jurisdiction over this matter. "Jurisdiction founded on 28 U.S.C. § 1332 requires that parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). We find no basis for the assertion that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000. In unlawful detainer cases, the right to possession – not title to the property – is at issue, and thus the amount in controversy is determined by the damages sought by the Complaint. *See Deutsche Bank Nat. Trust Co. v. Soto*, No. CV 11-1149 PA (AGRx), 2011 WL 590286, at *2 (C.D. Cal. Feb. 9, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). The Complaint clearly states that the damages sought by Plaintiff do not exceed $10,000. As such, there is no diversity jurisdiction in this case. Additionally, the Notice of Removal does not allege Defendant's citizenship. For purposes of assessing diversity jurisdiction under § 1332(a), individual citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004). Because the Notice of Removal does not allege Defendant's domicile, even if the amount in controversy exceeds the jurisdictional threshold, we cannot determine whether diversity jurisdiction exists in this case.

The party seeking to establish jurisdiction bears the burden of proving such. *Kokkonen*, 511 U.S. at 377. Therefore, Defendant is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS** hereof, as to why this matter should not be remanded because this Court lacks subject matter jurisdiction. Defendant's failure to timely and adequately show cause as required herein shall be deemed Defendant's admission that this Court lacks subject matter jurisdiction. In that event, this action shall be remanded for lack of subject matter jurisdiction.

### IT IS SO ORDERED.

| | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |